### CLARA L. STEWART v. GEORGE MARSHAM ET AL.

RIGHT OF A PERSON WHO THROUGH FRAUD HAS BEEN INDUCED TO CONVEY HER TITLE TO CERTAIN PROPERTY.

S. inherited real property and, in ignorance of her title, was fraudulently induced by M., her step-father, to convey the same to him for a consideration greatly below its value, taking a mortgage on the premises therefor, under the belief that he was the real owner, and that her ancestor held the title as a security for his indebtedness to her for said amount: *Held:* First—S. could not at the same time ratify her conveyance and assert a lien upon the property for its full value. Second—Said facts do not amount to sale, but constitute M. trustee, and S. the beneficiary of the property.

Appeal from the Court of Common Pleas of Crawford county.

The petition in this case alleges, in substance, that plaintiff is the daughter of Mary Jane Marsham, deceased, late of the city of Galion, Ohio; that her mother at her death owned a residence in Galion, and a farm of 140 acres in Morrow county, Ohio; that when her mother was married to Marsham, plaintiff was young, and made her home with her mother and step-father until November, 1872, when the latter took an aversion to her and her suitor, who is now her husband, and thereby caused her to leave the family homestead in Galion; that he continued his antipathy toward plaintiff and her husband after their marriage until the last sickness of her mother, when he summoned her by telegraph to come home, which she did, and remained until her mother's death in 1881; that on this occasion and thence forward, said James Marsham was studiously kind and obsequious to plaintiff, and lulling all suspicion on her part, he planned to obtain a conveyance of said real estate, plaintiff being the only child and heir of Mary J. Marsham, deceased, who died intestate, and said real estate descended to plaintiff in fee-simple; that soon after the death of her mother, plaintiff and her husband, who resided in Columbus, Ohio, visited said James Marsham at Galion; that up to said visit plaintiff was ignorant in regard to her ownership of said real estate in Morrow county, and of her mother's former title thereto, and had been wilfully kept in ignorance thereof by her step-father, that she knew that said Galion property was in her mother's name, but said Marsham represented to her, at that time, that it was bought with his money, when in fact the same was purchased with funds of plaintiff's mother through the agency of said Marsham, which was studiously kept from plaintiff's knowledge; that on the occasion of said visit, said Marsham introduced the subject of said property, and represented that he owed her mother $2,000; that he had been indebted to her a long time and had been paying interest thereon; that said indebtedness arose from moneys

belonging to her which he had collected and used : that he had caused the deeds to be placed in her name solely as a security for said money, and owed her that sum and no more, and that she had no other interest or title to said real estate, other than as security for said $2,000, which was the value of plaintiff's interest therein ; that he thereupon proposed that plaintiff deed back said real estate to him, and he would give her his notes for $2,000, secured by mortgage on the property; that plaintiff told him she knew nothing about her mother's real property, but she would have to take his word for it all; that he thereupon assured plaintiff of the truth of his statements, and that she might depend on what he told her regarding the same; that she thereupon procured her husband to join with her in a deed for the property, and delivered it to said James Marsham believing all his statements to be true, and took his two promissory notes for $1,000 each, for one and two years respectively, with interest, and secured by mortgage on the premises ; that she believed, as said Marsham well knew, that he was the real owner of said real estate, and that her mother's title was but security for said $2,000 as represented, and but for said representations she would not have made said conveyance and taken said securities; that said real estate and plaintiff's title thereto were at the time worth $12,500, as was well known to said James Marsham ; that plaintiff remained in ignorance of her rights and title until after her step-father's death, who died intestate, on the 6th day of July, A. D. 1884; that A. K. Dun was, on the 16th day of July, 1885, appointed administrator of said estate; that on the 7th day of July, A. D. 1884, she learned for the first time that her mother up to the time of her death, was the absolute owner in fee-simple of said real estate in her own right, and that at the same time she learned the further fact that an adjudication had been made by the court of common pleas of said county of Morrow, in a litigated suit attacking the title of plaintiff's mother to said farm, in which suit she, the said James Marsham and others were parties defendants, wherein it was found and decided that said real estate was owned in fee-simple by said Mary Jane Marsham.   Plaintiff's petition further alleged that sundry payments aggregating some $782 had been paid and credited on the first note secured by said mortgage ; and alleged that said James Marsham having obtained said conveyance in manner aforesaid, his representatives, who are made parties defendants, should therefore be decreed to pay the full value of said real estate, and that the remainder of said sum over and above said mortgage security should be declared an equitable lien against the same, and prayed for a decree accordingly.

The defendants filed a general demurrer to said petition.

S. R. Harris, for plaintiff, cited Bradley v. Bosley, 1 Barb. Ch., 125; Merrill v. Allen, 38 Mich., 487.

A. K. Dun, for defendants, cited Trimble v. Doty, 16 O. S., 129.

UPSON, J.

The facts stated in the petition do not entitle the plaintiff to the relief prayed for.   She must either affirm or repudiate her conveyance of the property.   There cannot be a vendor's lien unless there has been a sale—and the facts set forth in plaintiff's petition do not show a sale by plaintiff, but her deed constituted said property a trust in James Marsham for plaintiff as the beneficiary.   The means alleged by which Marsham obtained the legal title to the property, render it unconscientious for him or his representatives as holders of the legal title, to retain or enjoy the beneficial interest.   Equity impresses a constructive trust on the property thus acquired in favor of the plaintiff, who under the facts pleaded is equitably entitled to the same.

The plaintiff being the beneficiary of the trust, and the true owner of the property, may, under the state of facts set forth, compel the trustee and his representatives to convey the trust property, and to account for and pay over the rents and profits.

These principles are clearly expounded in Pomeroy's Equity Jurisprudence, secs. 1044, 1053 and 1058.

The demurrer is therefore sustained, and leave will be given the plaintiff to amend her petition.

S. R. Harris, for plaintiff.

A. K. Dun, for defendants.